# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-20497

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2024

Lyle W. Cayce
Clerk

In re URZ Trendz, L.L.C.,

*Petitioner.*

———————————————————————

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3705

———————————————————————

UNPUBLISHED ORDER

Before Southwick, Willett, and Oldham, *Circuit Judges.*

Per Curiam:

"Mandamus 'is an extraordinary remedy,'" *In re United States ex rel. Drummond*, 886 F.3d 448, 449 (5th Cir. 2018) (quoting *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc)), for "'exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion,'" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 309 (5th Cir. 2008) (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004) (citations and internal quotation marks omitted)). The Supreme Court warned that courts reviewing petitions for mandamus "must be careful lest they suffer themselves to be misled by labels such as 'abuse of discretion' and 'want of power' into interlocutory review of nonappealable orders on the mere ground that they may be erroneous." *Will v. United States*, 389 U.S. 90, 98 n.6 (1967).

We may issue a writ only if "(1) the petitioner has no other adequate means to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is clear and indisputable; and (3) the issuing court, in the exercise of its discretion, is satisfied that the writ is appropriate under the circumstances." *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008) (cleaned up) (citations omitted); *see also Cheney*, 542 U.S. at 380–81.

Petitioner-Defendant URZ Trendz, LLC requested leave to file a motion for summary judgment, which the district court denied, citing discovery abuses. But the district court's order is not permanent; indeed, the district court suggested URZ "may seek leave to file a further summary judgment motion *after it has complied with its discovery obligations.*" And URZ's motion for leave to file a summary-judgment motion was denied because compliance with the discovery obligations "requires resolution *first*," allowing URZ to seek summary judgment after that resolution. Additionally, URZ may seek attorneys' fees if it prevails. *See* 15 U.S.C. § 1117 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."); *see, e.g.*, *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002); *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 490 (5th Cir. 2004); *M3 Girl Designs, LLC v. Blue Brownies, LLC*, No. 3-09-CV-2390-F, 2013 WL 12125422, at *1 (N.D. Tex. Jan. 3, 2013). Therefore, URZ has "adequate means" to seek relief outside a writ from our court.

Furthermore, URZ's argument that its summary-judgment arguments have nothing to do with the remaining discovery sought by Plaintiff Spectrum Laboratories, LLC is unavailing. "When a party requests a continuance of a summary judgment motion to conduct discovery," as Spectrum has requested below, "the moving party must…demonstrate to the trial court specifically how the requested discovery pertains to the pending motion…[and] explain how the additional discovery will create a

genuine issue of material fact." *See Campbell Harrison & Dangley, LLP v. PBL Multi-Strategy Fund, LP*, 744 F. App'x 192, 197 (5th Cir 2018) (cleaned up) (citations omitted). Spectrum has spelled out what missing discovery is necessary to counter URZ's arguments and why. Even if "erroneous" in URZ's view, the district court's order requiring resolution of the discovery issues prior to motions practice is no clear abuse of discretion.

Because URZ has "adequate means to attain the desired relief"—by complying with its discovery obligations—and has shown no "clear abuse of discretion" by the district court, a writ would be inappropriate at this time.

IT IS ORDERED that the petition for writ of mandamus is DENIED.